UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**MICHALE HOFFMAN**

    **Plaintiff,**

v.                                      Case No.: 3:24-cv-01369-TJC-PDB

**DANIEL JONES, in his official and personal capacities, RALPH DEMPSEY REVELS, in his official and personal capacities, DAVID GRAY, in his official and personal capacities, DALE ALLEN, in his official and personal capacities, and MARK MURDOCK, in his official and personal capacities,**

    **Defendants.**
_____ /

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

    Defendants, DANIEL JONES, RALPH DEMPSEY REVELS, DAVID GRAY, DALE ALLEN, and MARK MURDOCK, all of whom are sued in their respective official and personal capacities, through their undersigned counsel, and pursuant to Rule 12(b)(6), *Federal Rules of Civil Procedure*, move to dismiss Plaintiff's Complaint, and, in support, state:

    1. On or about December 31, 2024, Plaintiff initiated this action by filing a lawsuit in this Court. Plaintiff's Verified Complaint, (ECF. 1), asserts the following three counts against the above-named Defendants:

        Count I                  Freedom of Speech/First Amendment

    Count II    Denial of Due Process/Fourteenth Amendment

    Count III   Unlawful Detention/Fourth Amendment

  2. On March 19, 2025, Plaintiff filed a Notice of Voluntary Dismissal with Prejudice directed at Nassau County, Florida, an originally named Defendant. (ECF. 22).

  3. Plaintiff's Complaint is due to be dismissed because it constitutes an impermissible "shotgun" pleading. Specifically, Plaintiff's Complaint asserts all causes of action against all Defendants, and as a result, attributes to all Defendants acts which were committed by only a few of them.

  4. Plaintiff fails to state a claim against Deputies Revels, Allen, or Murdock because no facts are alleged regarding any actions taken by these Deputies which can form the basis of a constitutional violation.

  5. The official capacity claims against each Defendant are subject to dismissal. Because official capacity claims against a public officer are the same as a suit against a public entity, a plaintiff must allege the necessary facts to support a claim against a governmental entity under Section 1983. Plaintiff has failed to make the necessary allegations in this regard.

## FACTUAL BACKGROUND[1]

On June 5, 2024, Plaintiff, a licensed private investigator, went to the Journey Church West in Nassau County, Florida, to perform video surveillance on an adult woman. (ECF. 1, ¶¶ 13, 20-21). The adult woman Plaintiff surveilled was outside the church with children. (ECF. 1, ¶ 21). After an individual asked Plaintiff to leave the church grounds, Plaintiff moved across the street to a Winn Dixie parking lot. (ECF. 1, ¶¶ 22-23). While he was in the Winn Dixie parking lot, an individual called the Sheriff's Office to report Plaintiff was filming children at the church. (ECF. 1, ¶ 25).

The Defendants arrived and interacted with Plaintiff. (ECF. 1, ¶ 26). Deputy Jones went inside the Winn Dixie to speak with the store manager. (ECF. 1, ¶ 28). The manager at Winn Dixie ultimately informed Deputy Jones she wanted to issue Plaintiff a trespass warning. (ECF. 1, ¶ 38). Deputy Gray informed Plaintiff he was being detained for trespassing. (ECF. 1, ¶¶ 44, 46). After receiving a verbal trespass warning, Plaintiff left. (ECF. 1, ¶ 51).

## MEMORANDUM OF LAW

### I.   The Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

---

[1] The factual allegations herein are taken from the Complaint and assumed to be true as is required at the motion to dismiss stage. By relying on the facts herein, Defendants in no way concede that they accurately reflect the alleged events upon which Plaintiff's claims are based.

*Fed. R. Civ. P.* 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." *Fed. R. Civ. P.* 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (setting forth the plausibility standard). "Factual allegations must be enough to raise a right to relief above the speculative level[;]" *Twombly*, 550 U.S. at 555 (citation omitted); and requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted).

If the pleaded facts are "merely consistent with" liability, the complaint "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557 (internal quotation marks omitted). Stated another way, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal quotation marks omitted).

4

The Eleventh Circuit adopts "a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

## II.    The Complaint is an Improper Shotgun Pleading

*Fed. R. Civ. P*. 8(a)(2) requires that a pleading contain a short and plain statement showing the pleader is entitled to relief. *Fed. R. Civ. P*. 10(b) requires that a party present its claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Rule 10(b) also states that if doing so would promote clarity, each claim founded on a separate transaction or occurrence must be stated in a separate count.

Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

> The purpose of these rules is self-evident, to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading, the court can determine **which facts support which claims** and whether the plaintiff

5

>has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not. "Shotgun" pleadings, calculated to confuse the "enemy," and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked, are flatly forbidden by the letter, if not the spirit, of these rules.

*T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting) (emphasis added)[2].

Courts in the Eleventh Circuit have no tolerance for shotgun pleadings. *Muscogee (Creek) Nation v. Rollin*, 119 F.4th 881, 888 (11th Cir. 2024); *Vibe Micro, Inc. v. Shabanets,* 878 F.3d 1291, 1295 (11th Cir. 2018). Shotgun pleadings waste judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts. *Id*. (quotations and citations omitted).

The Eleventh Circuit has recognized four types of shotgun pleadings, the fourth of which is present here, namely, a complaint which asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions. *Barmapov v. Amuial*, 986 F.3d 1321, 1324-25 (11th Cir. 2021) (citing to *T.D.S., Vibe Micro*, and *Weiland*); *see also Weems v. Association of Related Churches,* Case No. 3:23-cv-811-MMH-LLL, 2024 WL 519781, ** 3-4 (M.D. Fla. Feb. 9, 2024). Each individual defendant is entitled to know the specific claims being lodged against him and the specific factual basis supporting each claim. Especially in the

---

[2] The Court in *Weiland* described the decision in *T.D.S.* as its "first shot in what was to become a thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." 792 F.3d at 1321.

context of a Section 1983 case, in which law enforcement officers are entitled to immunity from suit through qualified immunity, clarity must overcome convolution. Because the Complaint fails to give the Defendants adequate notice of the claims against them and the factual grounds upon which each claim rests, the Complaint should be dismissed.

### III. No Facts are Alleged Against Deputies Allen, Revels, or Murdock Sufficient to State a Claim under Section 1983

Plaintiff fails to state a claim against Deputies Allen, Revels, or Murdock because he failed to allege any facts against any of the three Deputies upon which liability can be attached. To be sure, after introducing these Defendants, Plaintiff groups them with Deputies Jones and Gray and collectively refers to them as "Defendant Officers." (ECF. 1, ¶¶ 4-8). Plaintiff only mentions Deputy Revels in one additional paragraph:

> 50. During Plaintiffs detainment, Defendants Jones, Grey (sic), and Revels falsely stated that Private Investigators "are supposed to notify the sheriffs office if they are doing an investigation."

(ECF. 1, 50). This allegation, standing alone, is insufficient to state an unlawful detention claim against Deputy Revels. Indeed, just a few paragraphs before that quoted, Plaintiff twice alleges Deputy Gray detained Plaintiff. (ECF. 1, ¶¶ 44, 46).

Deputies Allen and Murdock are not named in any allegation following their initial introduction. Plaintiff has not alleged that either Deputy Allen or Deputy Murdock took any action to violate Plaintiff's First, Fourteenth, or Fourth

Amendment rights. It is not plausible, therefore, that either Deputy violated any of the constitutional rights Plaintiff has identified in his Complaint.

Defendants anticipate Plaintiff will claim that the following vague allegation attaches liability:

> 45. None of the other Defendant Officers disputed or contradicted this or otherwise took action against Deputy Gray, thereby ratifying his actions.

(ECF. 1, ¶ 45). In *Jones v. Cannon*, 174 F.3d 1271 (11th Cir. 1999), the Eleventh Circuit observed, "[T]here is no previous decision from the Supreme Court or this Circuit holding that an officer has a duty to intervene and is therefore liable" for failing to intervene in a false arrest case. *Id*. At 1286 (citation omitted). The court held, however, that where an officer was present during an arrest and knew the arresting officer lacked a reasonable basis for arguing probable cause, the non-arresting officer could be liable under § 1983 if he was sufficiently involved in the arrest. *Id*. at 1283-84; *see also Wilkerson v. Seymour*, 736 F.3d 974, 980 (11th Cir. 2013); *Corbin v. Prummell*, 655 F. Supp. 3d 1143, 1159 (M.D. Fla. 2023).

In the present case, Plaintiff has not alleged sufficient facts against Deputies Allen, Revels, or Murdock to state a claim against any one of them on any of his three claims set forth in this Complaint. Each Deputy is therefore entitled to dismissal from this action.

### IV. Plaintiff's Official Capacity Claims are Factually and Legally Deficient

Plaintiff has sued all five Deputies in their official capacities as well as their individual capacities. The official capacity claims are not only redundant but due to be dismissed.

A foundational bedrock of Section 1983 jurisprudence dictates that "[o]fficial-capacity suites … 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978); see also *Lawshe v. Hardwick*, Case No. 3:24-cv-44-MMH-MCR, 2024 WL 4605989, *7 (M.D. Fla. Oct. 29, 2024); *Race v. Bradford County, Florida*, Case No. 3:18-cv-153-J-39PDB, 2019 WL 7480035, *9 (M.D Fla. Aug. 20, 2019).

To state an official capacity claim, Plaintiff must allege that a policy, custom, or practice of the Nassau County Sheriff's Office was the "moving force" behind the alleged constitutional violations. *Monell*, 436 U.S. at 694. "[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (emphasis in original). A claim against a municipality may proceed under § 1983, but only when a plaintiff alleges that an action pursuant to a municipal policy or custom "caused a constitutional tort." *Id*. at 690–91. Thus, a plaintiff "must identify a municipal policy or custom that caused his injury." *Grech v.*

*Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (*en banc*) (internal quotations omitted).

Here, Plaintiff has made no allegations or factual assertions of a custom, policy, or practice; nor has he made any attempt to attach liability upon a public entity, except by previously naming the wrong entity and relying solely upon *respondeat superior* principles, which *Monell* specifically forbids. Therefore, this Court should dismiss all claims against all of the Defendants in their official capacities.

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request this Honorable Court grant the instant motion and dismiss the Complaint for the reasons stated herein, and for such other relief as the Court deems proper.

Dated this 21st day of April 2025.

                                              Respectfully submitted,

*/s/ Michael P. Spellman*
**MICHAEL P. SPELLMAN (Lead Counsel)**
Florida Bar No. 937975
Email: mspellman@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
***Attorneys for Defendants***

## LOCAL RULE 3.01(g) CONFERRAL

The undersigned conferred with Plaintiff regarding the relief requested herein first by letter on April 15, 2025. Plaintiff and the undersigned attempted to speak telephonically and were ultimately successful communicating via email. Plaintiff opposes the relief sought in the motion.

*/s/ Michael P. Spellman*
**MICHAEL P. SPELLMAN**

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on this 21st day of April 2025, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Middle District of Florida, Jacksonville Division using the CM/ECF system and to Plaintiff at the following mailing address and email address of record:

Michale Hoffman
8607 Beechfern Lane E.
Jacksonville, Florida 32244
usslooney@msn.com

*/s/ Michael P. Spellman*
**MICHAEL P. SPELLMAN**

11