## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**MICHALE HOFFMAN**

     **Plaintiff,**

**v.**                             **Case No.: 3:24-cv-01369-TJC-PDB**

**DANIEL JONES, in his official and
personal capacities, RALPH DEMPSEY
REVELS, in his official and personal
capacities, DAVID GRAY, in his official
and personal capacities, DALE ALLEN,
in his official and personal capacities,
and MARK MURDOCK, in his official
and personal capacities,**

     **Defendants.**

_____ /

### DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
### AND MOTION TO STRIKE CERTAIN ELEMENTS OF RELIEF

Defendants, DANIEL JONES, RALPH DEMPSEY REVELS, DAVID

GRAY, DALE ALLEN, and MARK MURDOCK, all of whom are sued in their

respective official and personal capacities, through their undersigned counsel, and

pursuant to Rule 12(b)(6), *Federal Rules of Civil Procedure*, move to dismiss Plaintiff's

Amended Complaint (ECF. 26) and move to strike certain elements of relief sought

by Plaintiff, and in support, state:

1.      On or about December 31, 2024, Plaintiff initiated this action by filing a lawsuit in this Court, which contained three counts: a First Amendment claim, a Fourteenth Amendment claim, and a Fourth Amendment claim. (ECF. 1).

2.      On April 21, 2025, Defendants moved to dismiss Plaintiff's Complaint on numerous grounds. (ECF. 25).

3.      On May 7, 2025, Plaintiff filed an Amended Complaint. (ECF. 26). The Amended Complaint contains the following causes of action:

| | |
|---|---|
| Count I | Free Speech violation (First Amendment) |
| Count II | Denial of Due Process (Fourteenth Amendment) |
| Count III | Unlawful Detention (Fourth Amendment) |
| Count IV | Right to Privacy violation (Art. I, Sec. 23, Fla. Const.) |
| Count V | False Arrest (Fla. Stat. §784.03) |
| Count VI | Failure to Intervene (Fourth Amendment) |

4.      Plaintiff's Amended Complaint must be dismissed because it constitutes an impermissible "shotgun" pleading. Specifically, the Amended Complaint improperly incorporates all allegations into every count and asserts all causes of action against all Defendants. As a result, actions taken by certain Defendants are attributed to all Defendants.

5.      Independently, the official capacity claims against each Defendant are subject to dismissal. Because an official capacity claim against a public officer is the same as a suit against a public entity, a plaintiff must allege the necessary *facts* to support such a claim under Section 1983, which Plaintiff has failed to do.

6.     Count IV must be dismissed because Plaintiff cannot demonstrate that he had a reasonable expectation of privacy while sitting in his car in a public parking lot and because there is no private cause of action under the Florida Constitution.

7.     Count V should be dismissed because Plaintiff has failed to allege sufficient facts to pierce the immunity conferred upon Defendants by Florida's limited waiver of sovereign immunity. Moreover, to the extent Plaintiff's claim is based upon a criminal statute, it fails to state a claim.

8.     In addition, Plaintiff's failure to plead sufficient facts showing malice mandates that his prayer for punitive damages be stricken.

9.     Plaintiff is proceeding *pro se*, and as such, he is not entitled to an award of attorney's fees. This element of relief should also be stricken.

10.     Finally, Plaintiff's prayer for injunctive relief should be stricken because he has failed to allege facts supporting such relief.

## FACTUAL BACKGROUND[1]

On June 5, 2024, Plaintiff, a licensed private investigator, went to the Journey Church West in Nassau County, Florida, to perform video surveillance. (ECF. 26, ¶ 15). Although Plaintiff claims he was surveilling an adult woman, that subject was outside the church with children. (ECF. 26, ¶¶ 16, 20). An individual saw Plaintiff and asked him to leave the church grounds. (ECF. 26, ¶ 17). Plaintiff moved across the

---

[1] The factual allegations herein are taken from the Amended Complaint and assumed to be true as is required at the motion to dismiss stage. By relying on the facts herein, Defendants in no way concede that they accurately reflect the alleged events upon which Plaintiff's claims are based.

street to a Winn Dixie parking lot. (ECF. 26, ¶ 18). While he was in the Winn Dixie parking lot, an individual called the Sheriff's Office to report Plaintiff was filming children at the church. (ECF. 26, ¶ 20).

The Defendants arrived and interacted with Plaintiff. (ECF. 26, ¶¶ 21-22). Deputy Jones went inside the Winn Dixie to speak with the store manager. (ECF. 26, ¶ 34). The manager at Winn Dixie ultimately informed Deputy Jones she wanted to issue Plaintiff a trespass warning. (ECF. 26, ¶ 45). Deputy Gray informed Plaintiff he was being detained for trespassing. (ECF. 26, ¶¶ 52, 55). After receiving a verbal trespass warning, Plaintiff left. (ECF. 26, ¶ 64).

## MEMORANDUM OF LAW

### I.     The Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P.* 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." *Fed. R. Civ. P.* 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570 (2007)). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (setting forth the plausibility standard). "Factual allegations must be enough to raise a right to relief above the speculative level[;]" *Twombly*, 550 U.S. at 555 (citation omitted); and requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted).

If the pleaded facts are "merely consistent with" liability, the complaint "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557 (internal quotation marks omitted). Stated another way, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal quotation marks omitted).

The Eleventh Circuit adopts "a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

## II.    The Complaint is an Improper Shotgun Pleading

*Fed. R. Civ. P.* 8(a)(2) requires that a pleading contain a short and plain statement showing the pleader is entitled to relief. *Fed. R. Civ. P.* 10(b) requires that a party present its claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Rule 10(b) also states that if doing so would promote clarity, each claim founded on a separate transaction or occurrence must be stated in a separate count.

Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

> The purpose of these rules is self-evident, to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading, the court can determine **which facts support which claims** and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not. "Shotgun" pleadings, calculated to confuse the "enemy," and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked, are flatly forbidden by the letter, if not the spirit, of these rules.

*T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting) (emphasis added)[2].

---

[2] The Court in *Weiland* described the decision in *T.D.S.* as its "first shot in what was to become a thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." 792 F.3d at 1321.

Courts in the Eleventh Circuit have no tolerance for shotgun pleadings. *Muscogee (Creek) Nation v. Rollin*, 119 F.4th 881, 888 (11th Cir. 2024); *Vibe Micro, Inc. v. Shabanets,* 878 F.3d 1291, 1295 (11th Cir. 2018). Shotgun pleadings waste judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts. *Id*. (quotations and citations omitted).

The Eleventh Circuit has recognized four types of shotgun pleadings, the first and fourth of which are present here. The first type, which the Eleventh Circuit noted was the "most common type – by a long shot," is present because the complaint contains multiple counts "where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321; *see also Turner v. Williams,* Case No.: 3:19-cv-641-J-32PDB, 2020 WL 190416, *3 (M.D. Fla. April 17, 2020); *Ryder Truck Rental, Inc. v. Logistics Res. Sols., Inc.*, No. 21-21573-CIV, 2021 WL 9037642, at *2 (S.D. Fla. July 28, 2021) (collecting cases); ECF. 46, ¶¶ 62, 75, 86, 92, 103, 113. By using this tactic, it is not clear what facts actually support each cause of action.

The fourth type of shotgun pleading, which remains intact from the original Complaint, is evident as Plaintiff asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions. *Barmapov v. Amuial*, 986 F.3d 1321, 1324-25 (11th Cir. 2021) (citing to *T.D.S., Vibe Micro*, and *Weiland*); *see also McBride v. Walmart, Inc.,* Case No.: 3:20-cv-620-TJC-JRK,

2021 WL 3129380, *4 (M.D. Fla. July 23, 2021); *Weems v. Association of Related Churches,* Case No. 3:23-cv-811-MMH-LLL, 2024 WL 519781, ** 3-4 (M.D. Fla. Feb. 9, 2024). Each individual defendant is entitled to know the specific claims being lodged against him and the specific factual basis supporting each claim.

### III.    Plaintiff's Official Capacity Claims are Deficient

Plaintiff has sued all five Deputies in their official capacities as well as in their individual capacities. The official capacity claims are not only redundant but due to be dismissed. Defendants lodged this argument in their Motion to Dismiss the original Complaint. (ECF. 25, pp. 9-10). Plaintiff's attempt to cure this deficiency is found in one paragraph:

> 62.    Defendants Gray, Revels, and Murdock's false statement[3] stems from a policy, pattern, custom, or practice of the Nassau County Sheriff's Office (NCSO).

(ECF. 26, ¶ 62). Initially, by his own choice of words, Plaintiff has chosen to only identify three of the five named Defendants; there are no allegations which assert that Deputies Gray Allen or Jones acted or failed to act as the result of a policy, custom, or practice. To be sure, a search of the Amended Complaint only shows the use of the words "custom," "policy," or "practice" in paragraph 62.

---

[3] The alleged false statement at issue is alleged in the previous paragraph of the Amended Complaint, in which Plaintiff alleges, "During Plaintiff's detainment, Defendants Gray, Revels, and Murdock falsely stated that Private Investigators 'are supposed to notify the sheriff's office if they are doing an investigation.'" (ECF. 26, ¶ 61).

8

A foundational bedrock of Section 1983 jurisprudence dictates that "[o]fficial-capacity suites … 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978); *see also Barnett v. MacArthur,* 956 F.3d 1291, 1296 (11th Cir. 2020); *Lawshe v. Hardwick*, Case No. 3:24-cv-44-MMH-MCR, 2024 WL 4605989, *7 (M.D. Fla. Oct. 29, 2024); *Liss v. City of Jacksonville,* Case No.: 3:19-cv-185-J-32JBT, 2020 WL 4734932, *3 (M.D. Fla. Aug. 14, 2020); *Race v. Bradford County, Florida*, Case No. 3:18-cv-153-J-39PDB, 2019 WL 7480035, *9 (M.D Fla. Aug. 20, 2019).

To state an official capacity claim, Plaintiff must allege that a policy, custom, or practice of the Nassau County Sheriff's Office was the "moving force" behind the alleged constitutional violations. *Monell*, 436 U.S. at 694. "[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (emphasis in original).

Instead, "[a] municipality can be sued directly under § 1983 when one of its customs, practices, or policies causes a constitutional injury." *Barnett*, 956 F.3d at 1296 (citing *Monell*, 436 U.S. at 691); *see also City of Canton v. Harris*, 489 U.S. 378, 385 (1989). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51,

61 (2011). Here, Plaintiff "must identify a municipal policy or custom that caused his injury." *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (*en banc*) (internal quotations omitted).

Here, Plaintiff has one conclusory allegation which only concerns three of the five named Defendants. *See Liss,* 2020 WL 4734932, at *3 (holding that in dismissing a *Monell* claim at the motion to dismiss stage, "[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal [of a complaint]." (quoting *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003)); *see also Casado v. Miami-Dade County*, 340 F. Supp. 3d. 1320, 1327 (S.D. Fla. 2018) (holding that plaintiff's conclusory allegations attempting to state a *Monell* claim were not admitted as true in a motion to dismiss).

For these reasons, this Court should dismiss all claims against all the Defendants in their official capacities.

## IV.    Plaintiff's Invasion of Privacy Claim is Meritless

In Count IV, Plaintiff asserts a claim of Invasion of Privacy under Article I, Section 23 of the Florida Constitution. The following facts alleged by Plaintiff, however, make clear this Count should be dismissed:

15.   On June 5, 2024, Plaintiff went to the location of Journey Church West ("Journey"), a church at 550974 US-1, Hilliard, Florida 32046, to perform his work as a Private Investigator.

16.   While outside Journey, Plaintiff filmed his subject, an adult woman, coming out of Journey. The subject was outside of Journey with children.

17.    While Plaintiff was performing his private investigation work, an individual approached Plaintiff and asked him to leave the property that was held open to the public, and the owner made no attempt to convey that it was in any way private.

18.    Plaintiff left and went to the parking lot of the Winn-Dixie supermarket at 550969 US-1, Hilliard, Florida 32046 ("Winn-Dixie").

19.    The parking lot of Winn-Dixie is private property that is held open to the public.

20.    While Plaintiff was in the parking lot of Winn-Dixie, an individual placed a phone call to the Nassau County Sheriff's Office (NCSO), reporting that the Plaintiff was filming children at Journey, a lawful activity.

21.    In response to this call, Defendant Gray confronted Plaintiff, and Plaintiff immediately presented his identification card as a state-licensed Private Investigator even though he had no legal requirement to do so. Even though Defendant Gray retained possession of Plaintiff's state issued Private Investigator's license, he still demanded identification to prove that he was a license Private Investigator.

22.    Plaintiff explained to Defendant Gray that he was a Private Investigator working a case and he was not filming children.

11

23.   Pursuant to Fla. Stat. § 493.6119 (2024), Plaintiff was limited in his ability to disclose details about the private investigative activity he was performing.

(ECF. 26, ¶¶ 15-23).

Florida's constitutional privacy provision, which is contained in article I, section 23, provides as follows:

> Right of privacy.—Every natural person has the right to be let alone and free from governmental intrusion into his private life except as otherwise provided herein. This section shall not be construed to limit the public's right of access to public records and meetings as provided by law.

This right to privacy protects Florida's citizens from the government's uninvited observation of or interference in those areas that fall within the ambit of the zone of privacy afforded under this provision. *Shaktman v. State*, 553 So.2d 148 (Fla.1989). Unlike the implicit privacy right of the federal constitution, Florida's privacy provision is, in and of itself, a fundamental one that, once implicated, demands evaluation under a compelling state interest standard. *Winfield v. Division of Pari–Mutuel Wagering*, 477 So.2d 544 (Fla.1985). Still, although Florida's privacy right provides greater protection than the federal constitution, it was not intended to be a guarantee against all intrusion into the life of an individual. *City of North Miami v. Kurtz*, 653 So. 2d 1025, 1027 (Fla. 1995), *cert denied*, 56 U.S. 1043 (1996). This is because before the right of privacy attaches, "a reasonable expectation of privacy must exist." *Winfield*, 477 So. 2d at 547. "Determining 'whether an individual has a legitimate expectation of privacy in any given case must be made by considering all the circumstances, especially objective

12

manifestations of that expectation.'" *Stall v. State*, 570 So.2d 257, 260 (Fla.1990) (quoting *Shaktman*, 553 So.2d at 153 (Fla.1989) (Ehrlich, C.J., concurring)), *cert. denied*, 501 U.S. 1250 (1991).

To determine whether an individual has a legitimate expectation of privacy requires consideration of all circumstances, especially objective manifestations of that expectation. *Kurtz*, 653 So. 2d at 1028. In addition, the right to privacy will yield to a compelling state interest, a requirement that is satisfied by an "ongoing criminal investigation ... when there is a clear connection between illegal activity and the person whose privacy has allegedly been invaded." *State v. Johnson*, 814 So. 2d 390, 393 (Fla. 2002) (holding that the right to privacy was not violated when subpoenas were issued for medical records in an ongoing DUI investigation.); *and see Shaktman*, 553 So. 2d at 152. In the present case, first, Plaintiff was in a parking lot open to the public. Second, as alleged, the Deputies were responding to a call for service, which they were investigating. Certainly, it was well within the state's interest to ensure Plaintiff was not engaged in any illegal activity.

In any event, Count IV is meritless because there is no private right of action under Florida's constitutional right of privacy. In a case of first impression, the First District Court of Appeal in *Tucker v. Resha*, 634 So. 2d 756, 759 (Fla. 1st DCA 1994), held that the constitutional provision at issue is not self-executing. Rather, in a cause of action that claims that government intrusion violated the right to privacy and seeks money damages – as is the case here – the doctrine of sovereign immunity is implicated. The Court held:

> The Florida Constitution requires "specific, clear, and unambiguous language in a statute" to constitute a waiver of sovereign immunity. *Manatee County v. Town of Longboat Key*, 365 So.2d 143, 147 (Fla.1978). The effect of holding that the privacy provision of the constitution gives rise to an action for "governmental intrusion into private life" with resulting money damages is to hold, impliedly, that immunity is waived. However, there is no specific, clear, unambiguous waiver of immunity in the constitutional provision, or in any statute. The statutory waiver of sovereign immunity provided by section 768.28, *Florida Statutes* (1987), applies "if a private person [ ] would be liable," id. at 768.28(1), but the privacy provision of the Florida Constitution obviously creates no cause of action against private persons. It is thus clear that article I, section 23 does not create a cause of action for "governmental intrusion" because legislative enactment is needed to delineate whether immunity is waived to permit the award of money damages.

*Tucker*, 634 So. 2d at 759. The Florida Supreme Court agreed. *Resha v. Tucker*, 670 So. 2d 56 (Fla. 1996).

On the issue of sovereign immunity, Article X, section 13 of the Florida Constitution provides: "Provision may be made by general law for bringing suit against the state as to all liabilities now existing or hereafter originating." In 1973, the legislature exercised its authority and enacted section 768.28, which provides a limited waiver of the state's sovereign immunity for tort claims. § 768.28(1), *Fla. Stat*. The statute authorizes tort claims against "[t]he state and its agencies and subdivisions," but limits the state's liability for such claims to $200,000. § 768.28(5), *Fla. Stat*. Florida's sovereign immunity statute provides, in pertinent part:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function.

14

*Fla. Stat.* §768.28(9)(a). Under that statute, all the individual defendants are entitled to absolute immunity unless he or she "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." *Id.* "Wanton" has been defined as "with a conscious and intentional indifference to consequences and with the knowledge that damage is likely to be done to persons or property." *Naso v. Hall*, 338 So. 3d 283, 288 (Fla. 4th DCA 2022) (quoting *Peterson v. Pollack*, 290 So. 3d 102, 110 (Fla. 4th DCA 2020)). "'Willful' means 'intentionally, knowingly and purposely.'" *Id.* "Bad faith" has been equated with the actual malice standard. *Id.* at 109 (quoting *Parker v. State of Fla. Bd. Of Regents ex rel. Fla. State Univ.*, 724 So. 2d 163, 167 (Fla. 1st DCA 1998)). "Malicious purpose" means the conduct was committed with "ill will, hatred, spite, [or] an evil intent." *Peterson*, 290 So. 3d at 109 (quoting *Eiras v. Florida*, 239 F. Supp. 3d 1331, 1343 (M.D. Fla. 2017)).

In the instant action, Plaintiff has failed to allege sufficient facts to support any inference that any one of the five Defendants acted willfully, wantonly, or in bad faith. *Iqbal* and *Twombley's* require more than formulaic recitations and legal conclusions masquerading as facts. The use of buzz words (i.e., "intentional, malicious, extreme, outrageous, wanton, and oppressive") cannot substitute or otherwise cure missing facts in the Complaint. Counts IV should therefore be dismissed.

## V.    Count V Cannot be Pursued Against the Defendants

Plaintiff's failure to allege sufficient facts necessary to pierce the sovereign immunity available to the Deputies also requires dismissal of Count V. In addition,

15

under state law, if the Plaintiff wishes to sue the Sheriff's Office for the vicarious liability of its deputies, instead of suing the Deputies in their official capacities, he must sue the Sheriff, as the duly-elected constitutional officer of the Nassau County Sheriff's Office. *See e.g., Id.; Ballard v. Alachua County Sheriff,* Case No.: 1:22-cv-8-AW-GRJ, 2022 WL 527849, *2 (N.D. Fla. Jan. 18, 2022); *Kinlaw v. Putnam Cnty. Sheriff's Office,* Case No.: 3:19-cv-473-J-39JBT, 2019 WL 1901327, at *1 (M.D. Fla. Apr. 29, 2019) "In any given situation either the agency can be held liable under Florida law, or the employee, but not both.'" *Baxter v. Roberts,* 54 F.4th 1241, 1271 (11th Cir. 2022) (citing *McGhee v. Volusia Cnty.*, 679 So. 2d 729, 733 (Fla. 1996)).

## VI.    Several Prayers for Relief Should be Stricken

In his Prayer for Relief, Plaintiff seeks several elements of relief; three of which should be stricken. First, Plaintiff seeks a preliminary and permanent injunction enjoining "Defendants' restriction and forbid them from further threats and coercion." (ECF. 26, p. 28, ¶ B). This request is, at best, premature, as there are no factual allegations which demonstrate any "real and immediate threat" of future injury accompanied by "continuing, present adverse effects." *Elend v. Basham*, 471 F.3d 1199, 1207-08 (11th Cir. 2006); *Donovan v. Rivadeneira*, 557 F. Supp. 3d 1236, 1243 (S.D. Fla. 2021); *Liss*, 2019 WL 3717942, at *4. Plaintiff has also failed to allege any actual and imminent threat (as opposed to remote and speculative) which will cause him to suffer an irreparable injury if the Court does not issue an injunction.

Second, Plaintiff seeks punitive damages. (ECF. 26, p. 29, ¶ D). It is well-settled that punitive damages are only permissible in Section 1983 cases "where a defendant's

16

conduct is motivated by evil intent or involves callous or reckless indifference to federally protected rights." *H.C by Hewett v. Jarrard*, 786 F.2d 1080, 1089 (11th Cir. 1986) (citing *Smith v. Wade*, 461 U.S. 30, 56 (1983)); *Barnett v. MacArthur*, Case No: 6:15–cv–469–Orl–18DCI, 2016 WL 10654460, *11 (M.D. Fla. Nov. 16, 2016). Plaintiff has failed to allege sufficient facts to seek this relief. *See Rodriguez v. City of Doral*, Case No.: 12-20700-Civ, 2012 WL 4935499, *4 (S.D. Fla. Oct. 16, 2012).

Third, despite proceeding pro se, Plaintiff seeks the recovery of attorney's fees. (ECF 26, p. 29, ¶ E). The law has been well established for decades, however, that a pro se litigant is not entitled to fees, even under 42 U.S. C. § 1988. *See Kay v. Ehrler*, 499 U.S. 432 (1991); *Lloyd v. Leeper*, Case No.: 3:16-cv-906-J-34PDB, 2018 WL 4091992, *9 (M.D. Fla. Aug. 27, 2018).

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request this Honorable Court grant the instant motion, dismiss the Amended Complaint for the reasons stated herein, strike certain elements of relief sought by Plaintiff, and grant such other relief as the Court deems proper.

Dated this 21st day of May 2025.

Respectfully submitted,

*/s/ Michael P. Spellman*
**MICHAEL P. SPELLMAN (Lead Counsel)**
Florida Bar No. 937975
Email: mspellman@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida  32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
*Attorneys for Defendants*

## LOCAL RULE 3.01(g) CONFERRAL

The undersigned conferred with Plaintiff first by letter and then through several emails. Plaintiff opposes the relief sought in the motion.

*/s/ Michael P. Spellman*
**MICHAEL P. SPELLMAN**

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on this 21st day of May 2025, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Middle District of Florida, Jacksonville Division using the CM/ECF system and emailed to Plaintiff and will be mailed on the next working day to:

Michale Hoffman
8607 Beechfern Lane E.
Jacksonville, Florida 32244
usslooney@msn.com

*/s/ Michael P. Spellman*
**MICHAEL P. SPELLMAN**

18