UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHALE HOFFMAN

    Plaintiff,

v.                                   Case No.: 3:24-cv-01369-TJC-PDB

DANIEL JONES, in his official and personal capacities, RALPH DEMPSEY REVELS, in his official and personal capacities, DAVID GRAY, in his official and personal capacities, DALE ALLEN, in his official and personal capacities, and MARK MURDOCK, in his official and personal capacities,

    Defendants.
_____ /

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Defendants, DANIEL JONES, RALPH DEMPSEY REVELS, DAVID GRAY, DALE ALLEN, and MARK MURDOCK, all of whom are sued in their respective official and personal capacities, through their undersigned counsel, and pursuant to Rule 15(a)(2), *Federal Rules of Civil Procedure*, and Local Rules 3.01(c) and (g), oppose Plaintiff's Motion for Court's Leave to Amend Complaint (ECF No. 34) for the reasons set forth below.

## BACKGROUND

On or about December 31, 2024, Plaintiff initiated this action by filing a lawsuit in this Court. (ECF No. 1). The original Complaint asserted three counts against all Defendants for Freedom of Speech/First Amendment (Count I), Denial of Due Process/Fourteenth Amendment (Count II), and Unlawful Detention/Fourth Amendment (Count III)[1].

On March 12, 2025, Plaintiff's legal team filed a motion to withdraw as his counsel (ECF No. 18), which the Court granted two days later. (ECF No. 19). On March 17, 2025, Plaintiff filed a Notice of Self-Representation. (ECF No. 20). The following day, the Court issued a Notice to Plaintiff which advised him, among other things, that he had to comply with the Federal Rules of Civil Procedure as well as the Local Rules of this Court. (ECF No. 21). As a part of that Notice, the Court advised Plaintiff that every motion must include a memorandum of law and a certification of conferral. (Id., p. 2). The Court also advised Plaintiff that he was required to "timely respond to any motion filed by the defendants" and that his failure to do so allowed the Court to "assume that you do not oppose the relief requested." (Id., p. 3).

On April 21, 2025, the Defendants filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 25) after unsuccessfully attempting to confer with Plaintiff about the bases contained in the Motion. Those bases included: 1) the Complaint was an impermissible "shotgun pleading"; 2) all Defendants were improperly sued in their

---

[1] The original Complaint named Nassau County as an additional Defendant. Plaintiff voluntarily dismissed the County on March 19, 2025. (ECF No. 22).

respective official and individual capacities but there were no alleged facts to support any official capacity claim; and 3) that the Complaint failed to allege any facts to support any theory of recovery against Defendants Revels, Allen, or Murdock. As a part of conferring, Defendants offered Plaintiff the opportunity to amend his Complaint, but Plaintiff lacked interest in doing so.

Rather than respond to the Motion to Dismiss, on May 7, 2025, Plaintiff filed a Verified Amended Complaint. (ECF No. 26). Plaintiff added three more claims to what was pled in the original Complaint: Right to Privacy (Fla. Const) (Count IV), False Arrest (Fla. Stat. §784.03) (Count V), and Failure to Intervene (Fourth Amendment) (Count VI).

On May 21, 2025, Defendants filed a Motion to Dismiss and Motion to Strike the Amended Complaint (ECF No. 32) asserting the following bases for dismissal: 1) the Amended Complaint still constituted a "shotgun pleading"; 2) Plaintiff continued to sue all Defendants in both their official and individual capacities and had not alleged any facts to support an official capacity claim; 3) the Amended Complaint failed to state a claim for an invasion of privacy; 4) and the Amended Complaint failed to allege facts to support a claim of false arrest against the Defendants individually under Florida's limited waiver of sovereign immunity. Defendants also moved to strike Plaintiff's claim for punitive damages and attorneys' fees, since the alleged facts did not support a claim for punitive damages and Plaintiff is proceeding *pro se*.

Prior to filing the Motion to Dismiss and Motion to Strike, on May 15, 2025, Defendants sent Plaintiff a letter of conferral detailing the bases set forth in the motion and above. The last paragraph of the conferral letter stated:

> You have previously indicated in an email that you are not interested in the conferral process notwithstanding its mandatory nature under the Local Rules. The rules don't allow me to simply disregard them, however, even given your previous communication. If you have any interest in resolving these issues, say by dropping Count IV, or amending to cure the shotgun nature of your pleading, I remain amenable to allowing you leave to so amend. You should note that any future amendment requires either my consent or the Court providing you leave of Court.

Rather than file a response to the Motion to Dismiss and Motion to Strike or seek leave of Court, on June 3, 2025, Plaintiff filed a Verified Second Amended Complaint. (ECF No. 33). On June 13, 2025, Defendants corresponded with Plaintiff advising him that because he had not obtained leave of Court, his pleading was a nullity, and his response to the Defendants' Motion to Dismiss and Motion to Strike was overdue.

Plaintiff then filed the instant Motion. In doing so, he ignored the Local Rules which this Court specifically advised him of in March, specifically, by not conferring with Defendants' counsel nor submitting a memorandum of law in support of his Motion. The Motion does not even provide what exactly is being amended. A quick review, however, confirms that in spite of two motions to dismiss, Plaintiff is still suing each Defendant in both their respective individual and official capacities (ECF No. 33, ¶¶2-6); his official capacity claims are still based upon one conclusory paragraph (ECF No. 33, ¶63); he continues to assert a private right of action under the Florida

4

Constitution (ECF No. 33, ¶¶111-122); he still has not asserted facts to strip the Defendants of their immunity under Chapter 768, Florida Statutes, (ECF No. 33, ¶¶123-129); and he is still seeking punitive damages and attorneys' fees. In other words, he has cured none of the bases of the pending Motion to Dismiss and Motion to Strike the Amended Complaint.

## MEMORANDUM OF LAW

Rule 15(a) provides that a party "may amend its pleading once as a matter of course" either within 21 days after serving it or within 21 days after service of a required responsive pleading or motion. *Fed. R. Civ. P.* 15(a)(1). After this time has passed, a party "may amend its pleading only with the opposing party's written consent or the court's leave," which the court "should freely give ... when justice so requires." *Fed. R. Civ. P.* 15(a)(2). "The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"[C]onsistent with Rule 15(a)'s mandate that 'leave shall be freely given when justice so requires,' district courts should generously allow amendments even when the plaintiff[s] do[ ] not have the right to amend the complaint." *Williams v. Bd. of Regents of the Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007) (citations omitted) (quoting *Fed. R. Civ. P.* 15(a)). "A district court should not deny leave to

5

amend 'unless there is a substantial reason.'" *Estate of Cox by and through Smith v. Marcus & Millichap, Inc.*, No. 8:18-cv-381, 2021 WL 8946703, at *2 (M.D. Fla. Sept. 16, 2021) (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999). Substantial reasons justifying the denial of leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman,* 371 U.S. at 182; *see also Simpson v. Recksiedler*, No: 6:24-cv-1397, 2025 WL 959158, at *3 (M.D. Fla. March 31, 2025).

A district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004) (concluding that the district court did not abuse its discretion when it denied the plaintiff's motion to amend her complaint "on the ground that granting it would be 'futile' because her second amended complaint contained 'no potentially meritorious claims"). This is true even if a Plaintiff is proceeding *pro se. Holcomb v. Central Florida Regional Transit Authority*, No: 6:23-cv-1571, 2023 WL 12078511, at *3 (M.D. Fla. Oct. 31, 2023).

"A proposed amendment may be denied for futility when the complaint as amended would still be properly dismissed." *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (citation omitted). Disallowing a proposed amendment is appropriate when there have been "repeated failures to cure deficiencies by

6

amendments previously allowed." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) (quoting *Foman*, 371 U.S. at 182).

In addition to his Motion being procedurally defective for failing to confer or including a memorandum of law, Plaintiff's Motion for Leave to Amend should be denied because it is futile. One clear sign of its futility is Plaintiff's disregard of Defendants' arguments in their Motion to Dismiss and Motion to Strike by restating the claims from his Amended Complaint.

## CONCLUSION

In conclusion, and for the foregoing reasons, this Court should deny Plaintiff's Motion for Leave to Amend. Plaintiff should be further ordered to respond to Defendants' pending Motion to Dismiss and Motion to Strike by a date certain, and if he fails to do so, the Motion to Dismiss and Motion to Strike should be deemed unopposed.

Dated this 17th day of June 2025.

Respectfully submitted,

*/s/ Michael P. Spellman*
**MICHAEL P. SPELLMAN (Lead Counsel)**
Florida Bar No. 937975
Email: mspellman@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida  32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on this 17th day of June 2025, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Middle District of Florida, Jacksonville Division using the CM/ECF system and to Plaintiff at the following mailing address and email address of record:

Michale Hoffman
8607 Beechfern Lane E.
Jacksonville, Florida 32244
usslooney@msn.com

                                             */s/ Michael P. Spellman*
                                             **MICHAEL P. SPELLMAN**