United States District Court
Middle District of Florida
Jacksonville Division

**MICHALE HOFFMAN,**

    *Plaintiff,*

v.                                          No. 3:24-cv-1369-TJC-PDB

**DANIEL JONES ET AL.,**

    *Defendants.*

# Order

The plaintiff, proceeding without a lawyer, moves for leave to file a second amended complaint. Doc. 34.

The plaintiff earlier filed an amended complaint. Doc. 26. A motion to dismiss the amended complaint and to strike certain relief requested in the amended complaint is pending. Doc. 32. The defendants argue that the amended complaint must be dismissed because it is an impermissible shotgun pleading, the plaintiff has not alleged any facts to support claims against the defendants in their official capacities, the plaintiff fails to state a claim for invasion of privacy, and the plaintiff fails to state a claim for false arrest against the defendants individually. Doc. 32. The defendants contend that the plaintiff's requests for punitive damages and injunctive relief should be stricken because the alleged facts do not support either form of relief, and that the request for an attorney's fee should be stricken because the plaintiff is proceeding pro se. Doc. 32 at 3, 16–17.

The defendants oppose the motion for leave to file a second amended complaint because the motion fails to comply with the rules, the second amended complaint (Doc. 33) fails to correct the deficiencies identified in the defendants' pending motion to dismiss and to strike, and allowing further amendment would be "futile." Doc. 35.

"A party may amend its pleading once as a matter of course" within 21 days after serving it, or after the earlier of service of any responsive pleading or service of a Fed. R. Civ. P. 12(b) motion, but in all other cases a party may amend its pleading only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(1), (a)(2). The district court "should freely give leave when justice so requires." *Id.* at 15(a)(2).

Considering the liberal amendment standard and the plaintiff's pro se status, the Court will give the plaintiff one final opportunity to amend the complaint. The Court **grants** the motion, Doc. 34, to the extent that the plaintiff may file a corrected second amended complaint by **September 2, 2025**.

In the corrected second amended complaint, the plaintiff must allege facts that state a plausible claim for relief, and the plaintiff must clarify which defendant is being sued for which conduct, which claim, and which form of relief. The plaintiff must not add any new claims and must carefully consider the defendants' arguments in the motion to dismiss and to strike and in the response to the motion for leave to amend, *see* Docs. 32, 35. For example, the plaintiff must not incorporate all previous paragraphs into each count, *see* Doc. 26 at ¶ 88 ("Plaintiff hereby repeats and re-alleges paragraphs 1-87 of the complaint as if fully set forth herein."); *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1324 (11th Cir. 2015) ("[T]his Court has condemned the

incorporation of preceding paragraphs where a complaint contains several counts, each one incorporating by reference the allegations of its predecessors [i.e., predecessor *counts*], leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions.'" (internal quotation marks and quoted authority omitted; emphasis in original)). And the plaintiff must not request relief to which he is not entitled. *See* Doc. 26 at 29 (the plaintiff's request for "reasonable attorney's fees" despite his pro se status); *Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (concluding that a pro se litigant who is not a lawyer is not entitled to an attorney's fee). If the plaintiff fails to timely file a second amended complaint, the court will proceed to consider the motion to dismiss and to strike, Doc. 32.

The plaintiff must comply with the Local Rules, including Local Rules 3.01(a) and 3.01(g). The Local Rules are available in the clerk's office or on the court's website, www.flmd.uscourts.gov. The Court's website also offers resources for unrepresented litigants, including a *Guide for Proceeding Without a Lawyer*. In addition, the Jacksonville Federal Court Bar Association operates a Legal Information Program through which unrepresented litigants can obtain information from a lawyer on a limited basis for free. To participate, the plaintiff may contact the clerk's office at (904) 549-1900.

**Ordered** in Jacksonville, Florida, on August 6, 2025.

Patricia D. Barksdale
United States Magistrate Judge

c:    Michale Hoffman
      8607 Beechfern Lane East
      Jacksonville, FL 32244