# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

MICHALE HOFFMAN,

     Plaintiff,

v.

DANIEL JONES, in his official and personal capacities, RALPH DEMPSEY REVELS, in his official and personal capacities, DAVID GRAY, in his official and personal capacities, DALE ALLEN, in his official and personal capacities, and MARK MURDOCK, in his official and personal capacities,

     Defendants.

_____/

Case No.: **3:24-cv-01369-TJC-PDB**

## SECOND AMENDED COMPLAINT

This is a Civil Action brought by Plaintiff MICHALE HOFFMAN ("Plaintiff"), against Defendants, DANIEL JONES, in his official and personal capacities, RALPH DEMPSEY REVELS, in his official and personal capacities, DAVID GRAY, in his official and personal capacities, DALE ALLEN, in his official and personal capacities, and MARK MURDOCK, in his official and personal capacities (collectively referred to as the "Defendants").

Mr. Hoffman brings claims under 42 U.S.C. § 1983 for Defendants' violation of Mr. Hoffman's First Amendment rights, unlawful detention, false imprisonment, denial of due process, failure to intervene, and alleges as follows:

## **PARTIES**

1.        Plaintiff  Michale Hoffman is an individual and Private Investigator who resides in Jacksonville, Florida.

2.        Defendant Daniel Jones ("Jones") is a Deputy at the Nassau County Sheriffs Office (NCSO) and, at all relevant times, worked in Nassau County. He is being sued in both his official and personal capacities.

3.        Defendant Ralph Dempsey Revels ("Revels") is a Deputy at the Nassau County Sheriffs Office (NCSO) and, at all relevant times, worked in Nassau County. He is being sued in both his official and personal capacities.

4.        Defendant David Gray ("Gray") is a Deputy at the Nassau County Sheriffs Office (NCSO) and, at all relevant times, worked in Nassau County. He is being sued in both his official and personal capacities.

5.          Defendant Dale Allen ("Allen") is a Deputy at the Nassau County Sheriffs Office (NCSO) and, at all relevant times, worked in Nassau County. He is being sued in both his official and personal capacities.

6.          Defendant Mark Murdock ("Murdock") is a Sergeant at the Nassau County Sheriffs Office (NCSO) and, at all relevant times, worked in Nassau County. He is being sued in both his official and personal capacities.

7.          The individual Defendants, Jones, Revels, Gray, Allen, and Murdock, when referred to collectively, will be referred to as "Defendant Officers."

## JURISDICTION AND VENUE

8.          This Court has subject matter jurisdiction over this civil action per 28 U.S.C. § 1331 as this is a civil action arising under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to the U.S. Constitution.

9.          This Court has personal jurisdiction over Defendants because Defendant Officers are residents of Florida and committed all acts while in Nassau

County Florida.

10.　　　　This Court has supplemental jurisdiction over the related state-law claim pursuant to 28 U.S.C. § 1367(a).

11.　　　　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) & (2) because one or more Defendants reside in this District and all defendants reside in Florida and because the operative facts  described herein each occurred in this District, in Nassau County, Florida.

## **FACTUAL BACKGROUND**

12.　　　　Michale Hoffman is a citizen residing in Jacksonville, Florida.

13.　　　　Hoffman has been a state-licensed Private Investigator for 25 years License No. C 9900482.

14.　　　　The area of Nassau County, Florida is served by the NCSO, which is located in Yulee, Florida and, under color of the law, has the power to execute all processes of the judicial system within its jurisdiction pursuant to Fla. Stat. § 30.15 (2024).

-4-

15.      On June 5, 2024, Plaintiff went to the location of Journey Church West ("Journey"), a church at 550974 US-1, Hilliard, Florida 32046, to perform his work as a Private Investigator.

16.      While outside Journey, Plaintiff filmed his subject, an adult woman, coming out of Journey. The subject was outside of Journey with children.

17.      While Plaintiff was performing his private investigation work, an individual approached Plaintiff and asked him to leave the property that was held open to the public, and the owner made no attempt to convey that it was in any way private.

18.      Plaintiff left and went to the parking lot of the Winn-Dixie supermarket at 550969 US-1, Hilliard, Florida 32046 ("Winn-Dixie").

19.      The parking lot of Winn-Dixie is private property that is held open to the public.

20.      While Plaintiff was in the parking lot of Winn-Dixie, an individual placed a phone call to the Nassau County Sheriff's Office (NCSO), reporting that the Plaintiff was filming children at Journey, *a lawful activity*.

21.        In response to this call, Defendant Gray confronted Plaintiff, and Plaintiff immediately presented his identification card as a state-licensed Private Investigator even though he had no legal requirement to do so. Even though Defendant Gray retained possession of Plaintiff's state issued Private Investigator's license, he still demanded identification to prove that he was a licensed Private Investigator.

22.        Plaintiff explained to Defendant Gray that he was a Private Investigator working a case and he was not filming children.

23.        Pursuant to Fla. Stat. § 493.6119 (2024), Plaintiff was limited in his ability to disclose details about the private investigative activity he was performing.

24.        Defendant Gray became irritated by the Plaintiff for failing to disclose confidential information about the case he was currently working.

25.        Defendant Gray asked Plaintiff if he had "called in" to which Plaintiff responded that he hadn't.

26.        Defendant Gray then acting through a policy, custom, or practice stated that it was a requirement for Plaintiff to notify the Sheriff's Department of

his presence in the area.

27.        Defendant Gray accused the Plaintiff of violating a minor fictitious traffic violation on private property.

28.        Defendant Gray maintained control of the Plaintiff's state issued Private Investigators license and walked away after ordering the Plaintiff to "stand by for a minute."

29.        Defendant Gray then called for back up.

30.        At no point in time did any of the Defendants attempt to verify the Plaintiffs state issued credentials as an licensed Private Investigator, even though there is a direct phone number printed on the back of the state issued license that goes directly to the authority governing the issued license. See **Exhibit 1**. Additionally, there is a live 24 hour up to date Florida government run database that grants public access to verify Florida Private Investigators Licenses issued by the state. Said database is live with current license status. Please refer to said Florida run database here: https://licensing.fdacs.gov/access/individual.aspx

31.        Defendant Gray stated to the church trespassing complainant that Plaintiff was "… supposed to call the Sheriff's Office and say that hey, we are doing this, that, and the other….", and "he's been argumentative since day one, since I got here…"

32.        The church complainant then stated to Defendant Gray that the children at the church could not be filmed due to certain court cases, to which Defendant Gray agreed.

33.        The aforementioned actions were captured on body-worn camera by Defendant Gray.

34.        Thereupon, at the direction of Defendant Gray, Defendant Jones went inside Winn-Dixie and spoke with the Winn-Dixie manager.

35.        All the time Defendant Jones was inside Winn-Dixie , the Plaintiff was detained and not free to leave the area. Defendant Jones was aware the Plaintiff was being detained by Defendant Gray, Defendant Allen, and Defendant Revels.

36.        Upon information and belief, Defendant Jones intended to solicit the

Winn-Dixie manager to request a trespass warning to Plaintiff.

37.        Upon information and belief, Defendant Jones intended to solicit the Winn-Dixie manager to request a trespass warning to Plaintiff under false pretenses.

38.        Upon information and belief, Defendant Jones knew that he was using false pretenses to solicit the trespass request.

39.        Body camera footage of the encounter shows that Defendant Jones, speaking to the Winn Dixie manager, stated "there's some guy we're trespassing from the Journey church" and that Plaintiff was "just sitting there creeping" and "filming kids."

40.        When Defendant Jones informed the Winn Dixie manager of Plaintiff's presence, she stated "I had no idea about that" to Defendant Jones.

41.        Defendant Jones told the Winn-Dixie manager *three separate times* that Plaintiff lied about being a Private Investigator. On one specific occasion, Defendant Jones stated, "…yea, it's really weird, he's tried to lie and say he's a private investigator, they just ran him and he's not a private investigator."

42.     Body camera footage of the encounter evidences Defendant Jones's aforementioned lies.

43.     Defendant Jones was knowingly lying about Plaintiff's status as a Private Investigator.

44.     Upon information and belief, Defendant Jones was knowingly lying to further his goal of soliciting a trespass request.

45.     Defendant Jones asked the Winn-Dixie manager if she wanted Plaintiff "trespassed", i.e. if she wanted to issue a trespass warning, to which the manager said yes.

46.     The Plaintiff asked Defendant Jones when he returned to the scene, what he said to Winn-Dixie management to elicit the trespass warning.

47.     Defendant Jones stated to Plaintiff that he had said Plaintiff was illegally parked.

48.     Defendant Jones admitted that he asked the Winn-Dixie manager if she wanted him "trespassed".

49.        Plaintiff asked Defendant Jones to confirm if that was all he said.

50.        Defendant Jones so confirmed, knowing that he was lying.

51.        Body camera footage of the encounter evidences Defendant Jones's aforementioned lies.

52.        Even though no trespass warning had yet been issued and Plaintiff had not yet been requested to leave the premises by Winn-Dixie or an agent thereof, Deputy Gray told Plaintiff in the immediate presence of Defendant Allen, and Defendant Revels, that he was being detained for trespassing.

53.        Neither Defendant Allen or Defendant Revels disputed or contradicted this or otherwise took action against Deputy Gray, thereby ratifying his actions.

54.        Defendant Gray, Defendant Jones, Defendant Allen, and Defendant Revels all acted in concert, and were aware of the actions being taken by each other. All defendants were privy to and utilized radio communications as trained and instructed throughout the detention.

55.        Plaintiff asked Defendant Gray, Defendant Allen, and Defendant Revels what crime they suspected him of committing to cause detainment, and he

was told by Deputy Gray that he was being detained for trespass.

56.        Plaintiff advised Defendant Gray, Defendant Allen, and Defendant Revels of the statutory requirement of § 810.09, Florida Statutes, that he be requested to leave by an agent. At no time did Defendant Gray, Defendant Allen, and Defendant Revels disagree with Plaintiff's assertion of the statute.

57.        Body camera footage of the encounter evidences Defendant Gray, Defendant Allen, and Defendant Revels aforementioned acts.

58.        Nonetheless, Defendant Gray, Defendant Allen, Defendant Jones, and Defendant Revels detained Plaintiff absent a request to leave the premises by a Winn-Dixie agent , as the property was not fenced or properly posted.

59.        Defendant Gray, Defendant Allen, Defendant Jones, and Defendant Revels had no reasonable articulable suspicion of *any crime* to detain Plaintiff. In fact, all four Defendants were responding to a call for *legal activity* being conducted on *private property* open to the public.

60.        At no time during the encounter did Defendant Gray, Defendant Allen, Defendant Jones, and Defendant Revels have Reasonable Articulable Suspicion that *any crime* was being, been, or about to be committed, by the Plaintiff.

61.          During Plaintiff's detainment, Defendants Gray, Revels, and Murdock falsely stated that Private Investigators "are supposed to notify the sheriff's office if they are doing an investigation."

62.          Defendants Gray, Revels, and Murdock's false statement stems from a policy, pattern, custom, or practice of the Nassau County Sheriff's Office (NCSO).

63.          Body camera footage of the encounter evidences Defendant Gray, Defendant Revels, and Defendant Murdock's aforementioned statements.

64.          The Plaintiff left after receiving a verbal trespass warning and being released from custody.

65.          The Plaintiff was detained approximately 30 minutes and not free to leave for the sole purpose of telling him to leave. None of the Defendants involved in the detainment of the Plaintiff made any attempt to investigate any possible crime as there was no crime or even reasonable articulable suspicion of one.

66.          Prior to departing the area, Plaintiff asked Deputy Murdock if the neighboring business of Wendy's was still considered Winn-Dixie property to which he said no.

67.        After Plaintiff immediately departed the area for Wendy's, Defendant Murdock stated, "…know anyone that works at Wendy's?", further indicating his desire to retaliate against Plaintiff for his First Amendment rights.

68.        Body camera footage of the encounter evidences Defendant Murdock's aforementioned statement.

69.        On June 5, 2024, NCSO transmitted a written trespass warning from Winn-Dixie against Plaintiff for a period of one year.  See **Exhibit 2**.

## **CAUSES OF ACTION**

### **Count 1**

**Violation of the First and Fourteenth Amendments to the United States**

**Constitution: Freedom of Speech**

**(42 U.S.C. § 1983 – First Amendment)**

70.        Plaintiff hereby repeats and re-alleges paragraphs 1-69 of the Complaint as if fully set forth herein.

71.        To state a claim under 42 U.S.C. § 1983, one must allege (1) the violation of a right secured by the Constitution and laws of the United States, and (2) show that

the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

72.         The First Amendment of the U.S. Constitution is made applicable to the States via the Fourteenth Amendment.

73.         "To state a retaliation claim, the commonly accepted formulation requires that a plaintiff must establish first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005).

74.         Plaintiff recorded his subject while in a private parking lot accessible to the public.

75.         There is a First Amendment right to openly record another person on private property that is open to the public.

76.         Photography and videography are arts practiced in a visual medium.

77.        Arts practiced in a visual medium are protected under the First Amendment. Buehrle v. City of Key W., 813 F.3d 973, 978 (11th Cir. 2015).

78.        Such right is, therefore, clearly established.

79.        Defendant Officers, at all times relevant, were public employees of the Nassau County Sheriffs Office (NCSO) and exercising their responsibilities under color of Florida state law.

80.        Defendant Jones, under the direction of Defendant Gray, retaliated against Plaintiff's constitutionally protected conduct by soliciting a trespass warning against him.

81.        Defendant Allen and Defendant Revels stood by and failed to intervene in the violation of Plaintiff's Constitutional rights.

82.        Defendant Jones solicitation of the trespass was obtained under knowingly false pretenses.

83.        Defendants retaliated against Plaintiff for the specific purpose of restricting his ability to record individuals in a place open to the public.

-16-

84.     Defendant Gray retaliated against Plaintiff due to Plaintiff's declination to provide details of his wholly legal investigation and failure to notify Nassau County Sheriff Office (NCSO) of Plaintiff's presence.

85.     Such retaliation adversely affected Plaintiff's speech as it prevented him from continuing to exercise his First Amendment rights at the Winn-Dixie, as he could be arrested for trespassing were he to do so.

86.     As a direct and proximate result of Defendant Gray's and Defendant Jones's retaliation, Plaintiff has suffered actual damages and irreparable harm, including loss of his constitutional rights, entitling Plaintiff to declaratory and injunctive relief.

87.     As a direct and proximate result of Defendant Allen's, Defendant Revels, and Defendant Murdock's failure to intervene, Plaintiff has suffered actual damages and irreparable harm, including loss of his constitutional rights, entitling Plaintiff to declaratory and injunctive relief.

88.     Upon information and belief, the Defendants were acting in conformity with their existing custom, policy, pattern, or practice, that Private Investigators were required to contact NCSO to notify them of the Investigators presence in the area.

**Count 2**

**Violation of the Fourteenth Amendment to the United States Constitution:**

**Denial of Due Process**

**(42 U.S.C. § 1983 – Fourteenth Amendment)**

89.        Plaintiff hereby repeats and re-alleges paragraphs 1-69 of the Complaint as if fully set forth herein.

90.        The Fourteenth Amendment commands that no State shall "deprive any person of life, liberty, or property, without due process of law." Amdt. 14.

91.        "The Due Process Clause of the Fourteenth Amendment was intended to prevent government 'from abusing [its] power, or employing it as an instrument of oppression.'" DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 196 (1989).

92.        Procedural due process within the Due Process Clause of the Fourteenth Amendment requires "the government to follow appropriate procedures when its agents decide to 'deprive any person of life, liberty or property'" and promotes fairness in such decisions. Daniels v. Williams, 474 U.S. 327, 331 (1986).

93.     To state a 42 U.S.C. § 1983 procedural due process claim, one must show "(1) deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process."  Catron v. City of St. Petersburg, 658 F.3d 1260, 1266 (11th Cir. 2011).

94.     Plaintiff was deprived of his constitutionally-protected liberty under the First Amendment to record citizens in places open to the public.

95.     Defendant Officers, at all times relevant, were public employees of the Nassau County Sheriffs Office (NCSO) and exercising their responsibilities under color of Florida state law.

96.     Plaintiff suffered constitutionally-inadequate process in the absence of any formal process to challenge the solicitation of the trespass warning.

97.     Defendant Murdock's intentional failure to facilitate his duties as a supervisor denied Plaintiff his due process rights in refusing to hear Plaintiff's valid complaints on Defendant Jones, Defendant Allen, Defendant Gray, and Defendant Revels.

98.     As a direct and proximate result of Defendants' violation of the Due Process Clause of the Fourteenth Amendment, Plaintiff has suffered actual

damages and irreparable harm, including potential loss of his constitutional rights, entitling Plaintiff to declaratory and injunctive relief.

99.        Upon information and belief, the Defendants were acting in conformity with their existing custom, policy, pattern, or practice, that Private Investigators were required to contact NCSO to notify them of the Investigators presence in the area.

## Count 3

**Violation of the Fourth and Fourteenth Amendment to the**

**United States Constitution:**

**Unlawful Detention**

**(42 U.S.C. § 1983 – Fourth Amendment)**

100.      Plaintiff hereby repeats and re-alleges paragraphs 1-69 of the Complaint as if fully set forth herein.

101.      To state a claim under 42 U.S.C. § 1983, one must allege (1) the violation of a right secured by the Constitution and laws of the United States, and (2) show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

102.     The Fourth Amendment of the U.S. Constitution is made applicable to the States via the Fourteenth Amendment.

103.     During Plaintiff's encounter with Defendant Gray, Defendant Jones, Defendant Allen, and Defendant Revels, all four aforementioned Defendants detained the Plaintiff without his consent.

104.     "[A]n officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000).

105.     At no time did Defendants have a reasonable, articulable, suspicion that *any criminal activity* was afoot.

106.     To the contrary, Defendants were responding to a call about an individual making lawful images.

107.     Further, Defendant Gray, Defendant Allen, Defendant Jones, and Defendant Revels, engaged Plaintiff at the Winn-Dixie where he was, to that point, permitted to be.

108.    Defendant Gray, Defendant Jones, Defendant Allen, and Defendant Revels lacked even "arguable reasonable suspicion given the totality of the circumstances." Colon v. Smith, 2024 U.S. App. LEXIS 14158, at *9 (11th Cir. June 11, 2024).

109.    In fact, the absence of arguable reasonable suspicion was so clear that under the direction of Defendant Gray, Defendant Jones had to improperly solicit a trespass warning under knowingly false pretenses in order to trick Winn-Dixie to trespass Plaintiff from the premises.

110.    Defendant Officers, at all times relevant, were public employees of the Nassau County Sheriffs Office (NCSO) and exercising their responsibilities under color of Florida state law.

111.    Plaintiff has suffered harm in being unlawfully detained against his will

112.    As a direct and proximate result of Defendant Gray, Defendant Jones, Defendant Allen, and Defendant Revels violation of the Fourth Amendment, Plaintiff has suffered actual damages and irreparable harm, including potential loss of his constitutional rights, entitling Plaintiff to declaratory and injunctive relief.

113.        Upon information and belief, Defendant Gray, Defendant Jones, Defendant Allen, and Defendant Revel, were acting in conformity with their existing custom, policy, pattern, or practice, that Private Investigators were required to contact NCSO to notify them of the Investigators presence in the area.

## Count 4

### False Imprisonment/Arrest

### Florida State Statue §784.03

114.    Plaintiff hereby repeats and re-alleges paragraphs 1-69 of the Complaint as if fully set forth herein.

115.    That on June 5th, 2024, Defendant Gray, acting in his official capacity as a Deputy Sheriff or in his personal capacity did cause the Plaintiff to be wrongfully arrested/ imprisoned/ detained.

116.    That on said date, Defendant Gray wrongfully and unlawfully, without any order, warrant or process of any Court authorizing him to do so, did cause the Plaintiff to be wrongfully and forcibly seized, which lead to the Plaintiff being imprisoned and restrained of his liberty.

117.    Defendant Gray abused the power of his office, and his conduct with respect to the Plaintiff was committed in bad faith and with willful disregard of the

human right, safety and property of the Plaintiff, in that the Defendant instituted a seizure without probable cause or reasonable articulable suspicion of criminal activity. The Defendant's willful actions in detaining the Plaintiff is wholly and plainly incompetent and in violation of Florida State law and clearly established case law.

118.    Defendant Jones, Defendant Revels and Defendant Allen all aided and abetted the commission of this felony.  All Defendants, with the show of force of numbers and arrest powers, acted in concert to imprison the Plaintiff.  All played a part, were in communication, were aware of the others acts, and took an active role in detaining the Plaintiff and committing the felony of false imprisonment.

119.    Defendants Jones, Revels, and Allen, are liable for all of the other Defendant's acts under Florida State Statue 777.011   Principal in first degree.— Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such, whether he or she is or is not actually or constructively present at the commission of such offense.

120.    Defendants Gray, Jones, Allen, and Revels, were a direct and proximate

result of the aforesaid acts and conduct, the Plaintiff suffered and will continue to suffer in the future, mental pain and suffering, embarrassment, humiliation, deprivation of liberty and property, disgrace, and injury to his good name, loss of time, potential losses of business and employment opportunity, expenses incurred as a result of unlawful detainment, and losses to business reputation.

121.    Upon information and belief, Defendant Gray, Defendant Jones, Defendant Allen, and Defendant Revel, were acting in conformity with their existing custom, policy, pattern, or practice, that Private Investigators were required to contact NCSO to notify them of the Investigators presence in the area.

## Count 5

### Violation of the Fourth and Fourteenth Amendment to the United States Constitution:

### Failure To Intervene

### (42 U.S.C. § 1983 – Fourth Amendment)

122.    Plaintiff hereby repeats and re-alleges paragraphs 1-69 of the Complaint as if fully set forth herein.

123.    Plaintiff advised Defendant Gray, Defendant Allen, and Defendant Revels of the statutory requirement of § 810.09, Florida Statutes, that he be

requested to leave by an agent. At no time did Defendant Gray, Defendant Allen, and Defendant Revels disagree with Plaintiff's assertion of the statute, yet they failed to act accordingly.

124.    Defendant Allen, Revels, and Jones had a duty to intervene to prevent the violation of Plaintiff's constitutional rights by Defendant Gray in the illegal detention of the Plaintiff for trespassing.

125.    Defendant Allen, Revels, and Jones, all had the opportunity to intervene to prevent the violation of Plaintiff's constitutional rights by Defendant Gray, yet they failed to act accordingly.

126.    Defendant Murdock failed to intervene in compliance with his position and duties as a Supervisor for the Nassau County Sheriff's Office.

127.    Defendants failed to intervene to prevent the Constitutional deprivation of Plaintiff's 1st Amendment right by Defendant Gray, despite the fact that they are P.O.S.T. certified and trained specifically on the statutory requirement of § 810.09, Florida Statutes.

128.    Upon information and belief, the Defendants were acting in conformity with their existing custom, policy, pattern, or practice that Private

Investigators were required to contact NCSO to notify them of the Investigators presence in the area.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks this Court:

A.    To declare that Defendants' retaliation for Plaintiff's right to record violates the First Amendment to the U.S. Constitution as set forth in this Complaint;

B.    To preliminary and permanently enjoin Defendants' restriction and forbid them from further threats and coercion;

C.    To award Plaintiff full and fair compensatory damages in an amount to be determined by a jury;

D.    To award Plaintiff punitive damages in an amount to be determined by a jury;

E.    To award Plaintiff his reasonable attorney's fees, costs, and expenses of this action pursuant to 42 U.S.C. § 1988 and any other applicable law; and

F.    To award such other relief as this Honorable Court may deem just and proper.

Dated: September 1, 2025.                    Respectfully submitted,
                                             /s/ Michale Hoffman
                                             Michale Hoffman - Pro Se
                                             8607 Beechfern Ln. E.
                                             Jacksonville, Florida 32244
                                             Tel: 904-993-2911
                                             Email:usslooney@msn.com

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Michale Hoffman demands a trial by jury of all issues presented in this complaint which are triable by jury.

Dated: September 1, 2025.          Respectfully submitted,

/s/ *Michale Hoffman*
Michale Hoffman - Pro Se
8607 Beechfern Ln. E.
Jacksonville, Florida 32244
Tel: 904-993-2911
Email: usslooney@msn.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 2nd day of September 2025, a true and correct copy of the foregoing was hand delivered to the U.S. District Court, Middle District of Florida, Jacksonville Division and to Defendant at the following email address of record:

MICHAEL P. SPELLMAN (Lead Counsel)
Florida Bar No. 937975
Email: mspellman@sniffenlaw.com
SNIFFEN & SPELLMAN, P.A.
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
Attorneys for Defendants

/s/ *Michale Hoffman*
Michale Hoffman

-30-