UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHALE HOFFMAN,

     Plaintiff,

v.                              **Case No.: 3:24-cv-01369-TJC-PDB**

DANIEL JONES, in his official and
personal capacities, RALPH DEMPSEY
REVELS, in his official and personal
capacities, DAVID GRAY, in his official
and personal capacities, DALE ALLEN,
in his official and personal capacities, and
MARK MURDOCK, in his official
and personal capacities,

     Defendants.

_____ /

## DEFENDANTS' MOTION TO STAY DISCOVERY

Defendants, DANIEL JONES, RALPH DEMPSEY REVELS, DAVID GRAY, DALE ALLEN, and MARK MURDOCK, all of whom are sued in their respective official and personal capacities, through their undersigned counsel, and pursuant to M.D. Fla. Loc. R. 3.01, move to stay discovery until the resolution of their Motion to Dismiss the Second Amended Complaint, with Prejudice, and, in the Alternative, to Strike Certain Requests for Relief (ECF. 45), and in support, state:

1.     On or about December 31, 2024, Plaintiff initiated this action by filing a lawsuit in this Court, which contained three counts: a First Amendment claim, a Fourteenth Amendment claim, and a Fourth Amendment claim. (ECF. 1).

2.      After Defendants moved to dismiss the Complaint on numerous grounds on April 21, 2025 (ECF. 25), Plaintiff filed an Amended Complaint on May 7, 2025 (ECF. 26). In addition to the three counts originally pled, Plaintiff added claims alleging a violation of his constitutional right to privacy, false arrest under Florida Statute Section 784.03, and a Section 1983 claim for Failure to Intervene.

3.      The Amended Complaint contained many of the same deficiencies as the original Complaint and more with the additional claims added. As such, Defendants, after an attempted conferral, moved to dismiss the Amended Complaint and strike certain elements of it. (ECF. 32).

4.      On June 3, 2025, without attempting to confer with Defendants' counsel or seeking leave from the Court, Plaintiff filed a Second Amended Complaint. (ECF. 33).

5.      On June 13, 2025, counsel for Defendants advised Plaintiff that the Second Amended Complaint was a nullity. That same day, Plaintiff filed a Motion for Leave to Amend the Complaint. (ECF. 34).

6.      Defendants opposed Plaintiff's Motion for Leave to Amend for numerous reasons, including futility of the amendments. (ECF. 35).

7.      On August 8, 2025, the Court entered an Order stating it would give Plaintiff "one final opportunity to amend and file a corrected Second Amended Complaint. (ECF. 42). The Court instructed Plaintiff that his corrected Second Amended Complaint must meet certain requirements, and that Plaintiff must comply with Local Rules 3.01(a) and 3.01(g).

2

8.     On September 2, 2025, Plaintiff filed a Second Amended Complaint. (ECF. 43). The Second Amended Complaint does not make clear which claims are brought against which Defendant(s) but asserts the following:

| Count | Claim |
|-------|-------|
| I | 42 U.S.C. § 1983 — First Amendment (Freedom of Speech) |
| II | 42 U.S.C. § 1983 — Fourteenth Amendment (Denial of Due Process) |
| III | 42 U.S.C. § 1983 — Fourth Amendment (Unlawful Detention) |
| IV | Fla. Stat. § 784.03 (False Arrest) |
| V | 42 U.S.C. § 1983 — Fourth Amendment (Failure to Intervene) |

9.     The Second Amended Complaint fails to remedy many of the deficiencies in the first Amended Complaint, and ignores the instructions and requirements laid out by the Court in its August 8, 2025 Order.

10.     Consequently, Defendants filed a Motion to Dismiss the Second Amended Complaint. (ECF. 45).

11.     In essence, Defendants' Motion to Dismiss Second Amended posits that:

i.   Plaintiff's official capacity claims fail because Plaintiff did not properly allege that a policy, custom, or practice of the Nassau County Sherriff's Office was the "moving force" behind the alleged constitutional violations.

3

ii.  The Second Amended Complaint fails to identify which claims are asserted against which defendant, thereby rendering them deficient under the Federal Rules of Civil Procedure.

iii.  Count I fails because Defendants are entitled to qualified immunity because their actions were motivated, at least in part, by lawful considerations.

iv.  Count II fails because Plaintiff cannot show a constitutionally protected liberty interest in filming on private property against the property owner's consent.

v.  Counts III and IV fail as to Defendants Jones, Allen, and Revels because the facts do not establish that they were involved in Plaintiff's detention, and there is no liability for the failure to intervene outside the context of excessive force. Additionally, all Defendants are all entitled to qualified immunity and statutory immunity on these counts.

vi.  Count V fails because a failure to intervene claim does not exist outside of the excessive force context, and in this case, no force was used by any Defendants.

vii.  Finally, Plaintiff's prayers for relief are insufficiently pled or legally unrecoverable and should be stricken.

12.  Defendants request a stay of discovery based on their assertions of qualified and statutory immunity. *See* ECF. 45. Defendants are shielded from personal

capacity liability by qualified immunity and statutory immunity and are not proper parties to this action for the official capacity claims. Therefore, they should not be burdened with engaging in discovery before the Court rules on the merits of immunity.

13.    Courts may take a "preliminary peek" at the merits of a dispositive motion to see if there is an immediate and clear possibility that it will be granted when deciding a motion to stay discovery. Because the Court has given Plaintiff explicit instructions to follow in the Second Amended Complaint, and Plaintiff failed to follow several of them, there is an immediate and clear possibility that the Motion to Dismiss will be granted, and granting the instant Motion is further justified.

14.    It is in the interest of all Parties to stay discovery until both Motions are ruled upon so no party wastes time and resources conducting discovery on claims that do not survive the motion to dismiss stage.

15.    For these reasons, Defendants respectfully request that the Court enter an Order staying discovery until the Defendants' Motion to Dismiss is ruled upon.

## **MEMORANDUM OF LAW**

"A court has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citing *Petrus v. Bowen*, 833 F.2d 581 (5th Cir. 1987)). A moving party must show good cause and reasonableness. *Id*. (internal citations omitted). "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely

eliminate the need for such discovery. This involves weighing likely costs and burdens of proceeding with discovery." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (internal citations omitted). Courts may take a "preliminary peek" at the merits of the allegedly dispositive motion to see if, on its face, there appears to be an immediate and clear possibility that the motion will be granted. *Feldman*, 176 F.R.D. at 652.

In the instant case, the scale tips in favor of staying discovery for all Defendants because all Defendants are entitled to qualified immunity and statutory immunity in in their individual capacities. As to the claims alleged in their official capacities, they are not proper parties to the lawsuit. S*ee Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (finding when an officer is sued under Section 1983 in his official capacity, the suit is merely another way of pleading a cause of action against the entity of which the officer is an agent).

Defendants are entitled to qualified immunity because they were undoubtedly motivated, at least in part, by the lawful motivation of investigating a person conducting suspicious activity after being urged to do so by a church pastor trying to protect children. Importantly, "[q]ualified immunity is an immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal citations omitted). "Indeed, [courts] have made clear that the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved *prior* to discovery." *Id*. (internal quotations and citations omitted) (emphasis added).

6

> The conception animating the qualified immunity doctrine as set forth in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), is that "where an official's duties legitimately require action in which clearly established rights are not implicated, the public interest may be better served by action taken 'with independence and without fear of consequences.'" *Id.*, at 819, 102 S.Ct., at 2738, quoting *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288 (1967). As the citation to *Pierson v. Ray* makes clear, the "consequences" with which we were concerned in *Harlow* are not limited to liability for money damages; they also include "the general costs of subjecting officials to the risks of trial—distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Harlow*, 457 U.S., at 816, 102 S.Ct., at 2737. Indeed, *Harlow* emphasizes that even such pretrial matters as discovery are to be avoided if possible, as "[i]nquiries of this kind can be peculiarly disruptive of effective government." *Id.*, at 817, 102 S.Ct., at 2737.

*Mitchell v. Forsyth*, 472 U.S. 511, 525–26 (1985).

"The Eleventh Circuit has recognized that immunity claims often call for protection from discovery." *Mack v. Lee Mem'l Health Sys.*, No. 2:23-CV-188-JLB-NPM, 2024 WL 493002, at *1 (M.D. Fla. Feb. 8, 2024) (citing *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004) ("The defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery."). Indeed, "subjecting officials to traditional discovery concerning acts for which they are likely immune would undercut the protection immunity was meant to afford." *Redford v. Gwinnett Cnty. Jud. Cir.*, 350 Fed. Appx. 341, 346 (11th Cir. 2009).

Issues of immunity aside, the Second Amended Complaint is the Plaintiff's third filed complaint, and despite explicit instructions from this Court, still has several fatal deficiencies. Namely, the Second Amended Complaint (1) does not allege facts

that state a plausible claim for relief, (2) does not clarify which defendant is being sued for which conduct, which claim, and which form of relief, and (3) requests relief to which Plaintiff is not entitled to, such as injunctive relief, punitive damages, and attorneys' fees. The Eleventh Circuit has recognized that facial challenges to the legal sufficiency of a claim raised in a motion to dismiss should be resolved before discovery begins to avoid the imposition of unnecessary costs. *Moore v. Potter*, 141 Fed. Appx. 803, 807 (11th Cir. 2005) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)). Indeed, the Eleventh Circuit has held that "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." *Id.* at 808 (citing *Chudasama*, 123 F.3d at 1368). *See also Fed. R. Civ. P.* 1 (stating that district courts should apply the Federal Rules to ensure actions are resolved in a just, speedy, and inexpensive manner)

Because there is an immediate and clear possibility the Motion to Dismiss will be granted, any discovery in this case is, therefore, unnecessary and an undue burden to Defendants. It is in the interest of all parties to stay discovery Defendants' Motion is ruled upon so no that no party wastes time and resources conducting discovery on claims that will not survive. For these reasons, the Court should stay discovery in this case pending resolution of Defendants' Motion to Dismiss the Second Amended Complaint, with Prejudice, and, in the Alternative, to Strike Certain Requests for Relief.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants, Daniel Jones, Ralph Dempsey Revels, David Gray, Dale Allen, and Mark Murdock, all in their respective official and personal capacities, respectfully request this Court enter an Order staying discovery until the Defendants' Motion to Dismiss the Second Amended Complaint, with Prejudice, and, in the Alternative, to Strike Certain Requests for Relief has been ruled upon and granting such other relief the Court deems just and proper.

## LOCAL RULE 3.01(g) CONFERRAL

The undersigned certifies that Defendants' counsel conferred with Plaintiff regarding the instant relief via email and advises that Plaintiff objects to the relief sought herein.

Dated this 7th day of November 2025.

Respectfully submitted,

/s/ Christen A. Petruzzelli
**CHRISTEN ANN PETRUZZELLI**
Florida Bar Number: 1039528
Email: cpetruzzelli@sniffenlaw.com
**MICHAEL P. SPELLMAN (Lead Counsel)**
Florida Bar No. 937975
Email: mspellman@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
***Attorneys for Defendants***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that on this 7th day of November 2025, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Middle District of Florida, Jacksonville Division using the CM/ECF system, emailed to Plaintiff, and mailed to:

> Michale Hoffman
> 8607 Beechfern Lane E.
> Jacksonville, Florida 32244
> usslooney@msn.com

> */s/ Christen A. Petruzzelli*
> **CHRISTEN ANN PETRUZZELLI**